UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| COLIN R. DORAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15-CV-243 |
| | ) |
| JOY GLOBAL, INC. f/k/a JOY MINING | ) |
| MACHINERY and JOY GLOBAL | ) |
| UNDERGROUND MINING, LLC f/k/a | ) |
| JOY MINING MACHINERY, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

The defendants filed a Motion for Judgment on the Pleadings, [Doc. 20], asking the Court to dismiss the plaintiff's complaint for failure to exhaust all administrative remedies under the Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. § 1132(a). The plaintiff has responded, [Doc. 26], and opposes dismissal on the pleadings arguing that his suit is not subject to the ERISA administrative exhaustion requirement. The defendants have replied, [Doc. 29], and the matter is ripe for review.

**I.      Factual Background**

The plaintiff alleges that he was hired by Gullick Dobson Mining Machinery, a Dobson Park Industries Company, on May 5, 1974. The plaintiff became the vice president of engineering for "American Longwall, a wholly-owned subsidiary of Longwall International Ltd., a Dobson Park Industries Company or one of its successors" in 1993. In 1995, the defendant companies or a parent company acquired the plaintiff's employer, American Longwall. Upon

1

this acquisition, the plaintiff alleges that the parties negotiated for the plaintiff to continue working for the defendant companies. One of the terms of his continued employment was that "Mr. Doran's hire date would be May 5, 1974 for all purposes relating to Mr. Doran's employment" with the defendant companies. This employment transfer agreement was memorialized in a letter dated March 6, 1996 which was attached to the complaint ("Employment Letter"), stating "The offer includes participation in standard benefits programs including a comprehensive medical plan, dental plan, life insurance, voluntary life and accident insurance plan, employee pension plan and 401(k) savings plan. Your current hire date of May 5, 1974, as established by American Longwall, will be transferred with you to Joy."

The plaintiff brought this action in state court seeking a declaratory judgment that his hire date with the defendant companies is May 5, 1974. He alleges the defendants now claim he cannot rely on the Employment Letter stating his hire date of May 5, 1974 applies to "certain employment benefits and coverages." The plaintiff has not filed any claim with the defendants' ERISA plan administrator about his hire date or his pension benefits. The defendants timely removed this action because they argue the plaintiff's claim is completely preempted by ERISA.[1] As an alternative basis for removal, the defendants argue that the parties meet the requirements for diversity jurisdiction under 28 U.S.C. § 1332. The plaintiff argues that his claim is not completely preempted by ERISA and therefore removal on that basis is inappropriate; however, he acknowledges that removal based on diversity jurisdiction is proper and does not contest removal jurisdiction.

**II.     Standard of Review**

---

[1] If a plaintiff files a state-law complaint that should have been brought as an ERISA enforcement action, a defendant can remove the case because the statute "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

2

The defendants now move this Court for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) states that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is subject to the same standard of review as a motion for dismissal under Rule 12(b)(6). *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates as exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

### III. Analysis

The defendants argue that the plaintiff's case should be dismissed because his suit for a declaratory judgment is preempted because ERISA requires that he exhaust all administrative remedies, which he has failed to do. The plaintiff seeks this declaratory judgment of his hire date for the sole purpose of requiring the defendants' ERISA pension plan to recognize the 1974 date has his hire date when calculating benefits, a decision that the plan administrator has the discretion to determine in the first instance, according to the defendants. The defendants argue

3

that because this suit for declaratory judgment is in effect a suit to clarify his right to future benefits under the pension plan dating back to 1974, this suit is premature where the plaintiff has failed to exhaust the administrative remedy of filing a claim with the plan administrator. The plaintiff argues that his suit is not preempted by ERISA because he is not seeking benefits under the pension plan at this time and because the plan does not have to be construed to determine his right to a declaratory judgment based on the employment letter.

ERISA requires that a plaintiff exhaust all administrative remedies available to him prior to filing a suit in federal court in an effort to allow ERISA plan administrators to manage the funds, interpret plan provisions, correct any errors in administration, and assemble a factual record for the district court to review. *Croomer v. Bethesda Hospital, Inc.*, 370 F.3d 499, 504 (6th Cir. 2004). This exhaustion requirement exists even though ERISA does not explicitly require exhaustion of administrative remedies. *Id.* (citing *Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000)). Dismissal of the plaintiff's suit is proper where the plaintiff has failed to exhaust all administrative ERISA remedies before filing suit in federal court. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 90 (6th Cir. 1997).

An ERISA civil enforcement action may be brought by a plan-participant plaintiff "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). When a state law claim by its nature "falls within the scope of ERISA § 1132(a)(1)(B), two consequences follow: first, the claim is deemed to be a federal claim . . . for purposes of federal question jurisdiction and thus remov[able]; and second, the claim is preempted." *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 613 (quoting *Davila*, 542 U.S. at 210) (internal citations omitted). A state law claim falls within § 1132 where: (1) the

plaintiff complains about the denial of benefits he is entitled to only because of an ERISA plan; and (2) the plaintiff does not allege a violation of any other state or federal legal duty independent of ERISA or the plan terms. *Id.* (citing *Davila,* 542 U.S. at 210). Both prongs of the test must be satisfied for a state law claim to be preempted. *Id.* Whether a duty alleged is "independent" does not depend merely on whether the duty "nominally arises from a source other than the plan's terms." *Id.*

The defendant argues that the plaintiff is seeking a state-law declaratory judgment to skirt the plan administrator's discretion to determine in the first instance the plaintiff's right to benefits. According to the defendants, the plaintiff is attempting to have the Court declare that his hire date is May 5, 1974 so that when he does seek benefits under the pension plan, the plan administrator will be bound to accept the 1974 date as his hire date. The defendants argue that because the plaintiff is attempting to enforce or clarify his rights to pension benefits through a back-door remedy of a declaratory judgment, his suit falls within § 1132 as an enforcement action that is preempted by federal law.

The plaintiff argues that his suit is not preempted as it fails to meet either prong of the *Davila* test. The plaintiff claims he is not seeking any benefit payments under the plan and that the defendant's duty to recognize his 1974 hire date arises independently from the ERISA plan. The request for a declaratory judgment to determine his hire date "requires an analysis of the employment letter under state law" and "any duty that Defendants have to acknowledge Mr. Doran's hire date of May 5, 1974 derives from the facts and circumstances concerning Mr. Doran's pre-employment negotiations with Defendants and the sending of the Employment Letter," according to the plaintiff. The plaintiff relies on *Gardner* to show that his suit is not preempted.

5

In *Gardner*, participants in their employer's supplemental executive retirement plan (SERP), an ERISA subject plan, sued the investment firm and its executives that sold its ownership interest in the employer company asserting state law claims of tortious interference with contract. *Gardner*, 715 F.3d at 611-12. The investment firm agreed to sell its ownership interest in the plaintiffs' employer to another investment firm; however, the buyer threatened to back out of the purchase when it discovered that it would owe $13 million to the plaintiff executives under the SERP if it purchased the company. *Id.* In response, the defendant investment firm persuaded the company's board of directors to declare the SERP invalid, thereby ensuring the deal would close. *Id.* In determining if the plaintiffs' claim for tortious interference with contract was completely preempted by § 1132(a)(1)(B), the Sixth Circuit used the two-prong *Davila* test, focusing on the second prong of "independent duty." *Id.* at 613. The Sixth Circuit held that the plaintiffs' claims were not preempted by ERISA, noting three reasons for this determination. First, the defendants' duty not to interfere with the SERP agreement "arises under [state] tort law, not the terms of the SERP itself." *Id.* at 614. Second, the defendants' duty is not "derived from, or conditioned upon, the terms of the SERP[; n]obody needs to interpret the plan to determine whether that duty exists." *Id.* And third, although the terms of the SERP would be relevant to measuring damages, any damages awarded to the plaintiff "would be payable from the [Defendants'] assets, not from the plan itself." *Id.* at 615.

In *Gardner*, the Sixth Circuit analyzed the Second Circuit decision of *Stevenson v. Bank of New York Co., Inc.*, a case that appears similar to the facts of this case at first glance. 609 F.3d 56 (2d Cir. 2010). In *Stevenson*, a bank executive agreed to accept a transfer to an affiliated bank where the bank promised to maintain Stevenson's status as a pension plan participant, a status he would have otherwise lost in the transfer. *Id.* at 60. The defendant bank then reneged

6

on that promise and the plaintiff sued for breach of contract, arguing that the promise to keep Stevenson's status in the pension plan was an independent duty outside of the plan. *Id.* The Second Circuit held that the plaintiff's claim for breach of contract was not preempted by ERISA because the defendant's obligation to maintain Stevenson's status in the plan did not derive from the plan but arose from a separate promise made by the bank. *Id.* The Second Circuit stated two reasons the claim was not precluded: first, the plan's terms were relevant only to the measure of damages, not to the existence of the duty; and second, the damages would be payable from the defendant bank's assets, not from the plan itself. *Id.* at 61.

The plaintiff's claim here, unlike *Gardner* and *Stevenson*, does not seek damages for an alleged breach of the promise by the defendants. Instead, the plaintiff has sued for a declaratory judgment that his hire date, stemming from a promise made by the defendants outside of the ERISA plan, is May 5, 1974 for the purpose of his employment "benefits and coverages." The only reason to request such a declaratory judgment is so that he may then seek pension benefits under the ERISA plan using this earlier hire date so that the plan administrator is bound by this hire date from the start. Granting a declaratory judgment as requested by the plaintiff effectively makes any "damages" he would receive from this suit payable from the pension plan, not the defendant companies. The plaintiff is not seeking damages outside of the ERISA benefits plan for breach of contract like the *Stevenson* and *Gardner* plaintiffs. Although the plaintiff has arguably articulated a duty arising from state law if the Court construes the complaint to claim that the defendants breached their contract contained in the Employment letter,[2] the duty is not "independent" from the ERISA plan. The plaintiff's "damages" would be benefits paid under the plan calculated from an earlier start date. Although the plaintiff states he seeks the

---

[2] The Court notes that the plaintiff has not actually articulated the "independent duty" other than that the Court should interpret the employment offer letter "under state law." The Court presumes the plaintiff's argument is a duty not to breach the contract agreement concerning his hire date.

7

declaratory judgment to enforce the May 5, 1974 hire date "for all employment benefits and coverages," he has articulated no reason other than the pension plan for seeking the declaratory judgment. In fact, the correspondence between plaintiff's counsel and the defendants clearly underscores that the plaintiff is concerned about the defendants' determination that "under the pension plan" the plaintiff's hire date is his date of transfer to defendant companies, not the May 5, 1974 date referenced in the Employment Letter. Although the plaintiff has not directly asserted a claim for payment of benefits under the plan in this lawsuit, he is asking this court to clarify his right to future benefits under the plan by declaring his applicable hire date under the pension plan.

The Court finds that the plaintiff's claim meets both prongs of the *Davila* preemption test and his claim for a declaratory judgment to determine his hire date is preempted by ERISA. Because the plaintiff has failed to exhaust his administrative remedies by filing a claim and appeal with the plan administrator, his action is hereby dismissed. The defendants' motion for judgment on the pleadings is GRANTED and the plaintiff's complaint is hereby DISMISSED.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE